BRYAN *et al. v.* BRYAN, administrator, *et al.*

No. 7547.   September 20, 1930.

*Ed Quillian, G. F. Kelley,* and *J. B. Jones,* for plaintiffs.
*Wheeler & Kenyon* and *R. W. Smith Jr.,* for defendants.

Atkinson, J.   The exception is to a judgment overruling the plaintiffs' motion for a new trial, in a suit by heirs at law against an administrator and a purchaser of land at administrator's sale, to set aside the sale on the ground of alleged inadequacy of price and of fraud on the part of the defendants.

■  Complaint is made of this instruction:   "And if there was fraud on the part of the administrator or anyone else acting with him, or if anyone deterred a bidder and drove them away, and there was fraud in that, then you would be authorized to set the sale aside," on the ground that it was an incorrect statement of the law, and that the latter part was especially harmful and confusing, and was calculated to make the jury "believe that unless the bidder was driven away from the sale there could be no fraud." The foregoing excerpt from the charge was immediately preceded by the words:   "If you should find that the sale was not fair, that there were irregularities, and that the land sold for an inadequate price, for a sum much less than its value."   And finally in a latter part of the charge, immediately before instruction as to the form of the verdict, it was stated:   "But if you should determine that the sale was not fair, and that there was collusion on the part of the purchaser, Griffin, or some one bidding or acting for him, or that the circumstances under which the sale was held amounted to fraud, then you would be authorized to render a verdict setting the sale aside."   When the charge excepted to is considered in connection with its context as set forth above, it was not cause for reversal upon the grounds set forth.

■  The judge having charged somewhat at length on the subject, it was not cause for reversal to omit, without request, to

charge: "The general principle of law applied to all sales at auction is that any act of the auctioneer, or of the party selling, or of third parties as purchasers, which prevents a fair, free, and open sale or which diminishes competition and stifles or chills the sale, is contrary to public policy and renders the sale null and void."

■ Though conflicting in part, the evidence was sufficient to support the verdict for the defendants, and the judge did not err in refusing a new trial.

*Judgment affirmed.  All the Justices concur.*